Bowen v. Cassida.

D. W. BOWEN, *Appellant*, v. J. W. CASSIDA, *Appellee.*

No. 17,115.

HEADNOTE BY THE REPORTER.

BOUNDARIES—*Contract between Landowners.* A contract which refers to a "water ditch cut on the line between the property of the first and second party," made for another purpose than that of establishing the boundary line, does not constitute an agreement as to the true boundary line.

Appeal from Miami district court. Opinion filed November 9, 1912. Affirmed.

*E. J. Sheldon, and S. J. Shively,* both of Paola, for the appellant.

*Frank M. Sheridan, Charles T. Meuser,* and *Bernard L. Sheridan,* all of Paola, for the appellee.

*Cyrus S. Bowman, Harry C. Bowman,* and *Lawrence C. Kelley,* all of Newton, as *amici curiæ.*

*Per Curiam:* On the trial of an appeal from a survey made to establish the boundary line between lands of the appellant and the appellee, the appellant introduced in evidence a contract relating to the making of a ditch to drain their lands, entered into between the parties and others about four years prior to the survey, for the purpose of showing that the boundary line between the lands had been established by the contract.

The most pertinent portion of the contract is the

following: "And whereas there has been a water ditch cut on the line between the property of the first and second party, commencing at the northeast corner of the southeast quarter of said section twenty-nine, and runs thence east along the line between the property of the first party and second party," etc. Held, that such recital in a contract, made for another purpose than that of establishing the line, does not constitute a contract as to the location of the line; neither does it in this case constitute a recognition of the line for a sufficient length of time to bar either party from asserting the true line if it be other than the recital indicates. No change of possession or taking of possession in pursuance of the recital seems to have occurred. Neither is any inaccuracy or error in the survey claimed.

The judgment is affirmed.